King, J.,
delivered the opinion of the court.
Plaintiff in error, erstwhile a “beauty specialist” of Kansas City, Excelsior Springs, Missouri, and elsewhere, came to Colorado to secure some government land as a “nest egg.” On arriving at the depot in Steamboat Springs, she for the first time met defendant in error, and in less than ten days married him, believing she had found in him a “diamond in the rough.” She was then thirty-four years of age, he a ranchman, past sixty.
After six months of wedded life, plaintiff in error commenced her suit, praying- for an absolute divorce from the defndant, for $15,000 permanent alimony, $1,500 attorney’s fees, and temporary alimony; charging extreme and repeated acts of cruelty as ground for divorce. Defendant filed his cross-complaint, charging plaintiff with extreme and *110 repeated acts of cruelty. The cause was tried to a jury, which returned a verdict against the plaintiff o.n her complaint, and in favor of the defendant on his cross-complaint, upon which verdict a decree for absolute divorce was granted to the defendant.
We find no errors occurring during the trial of the cause, prejudicial to the plaintiff in error, and, accepting the verdict of the jury as conclusive upon the questions of fact submitted, there is nothing which appeals to this court as affording any reason why relief should be extended to her.
The State is always a third party to an action for divorce, and it sometimes becomes necessary for a court, in the interests of society, to interpose, and prevent the granting of a divorce, even though both parties to a marriage contract seek its dissolution; but after a careful reading of the evidence, and giving due respect to the findings of the jury and the trial judge before whom the plaintiff and the defendant, with their witnesses, appeared, we find no foundation for the belief that'the interests of society require defendant in error to be further subjected to the contempt and humiliation of which he was made the object by plaintiff in error, nor that in his old ago the earnin~c of his lifetime may be dissipated by her extravagancies. The evidence, as we read it from the pages of the record, does not appear to be very strongly preponderant in favor of the defendant, but it is not a violent presumption to indulge that the volubility of the plaintiff, and the reticence of the defendant, as well as the effect of the acts mutually charged, were correctly measured by the jury* and legitimate inferences deduced therefrom.
The judgment will be affirmed.

Affirmed.